United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL ACTION NO. 1:18-CR-069-01 |
| ANASTACIO ARANDA-SOTO | § | |

## ORDER AND OPINION

Defendant Anastacio Aranda-Soto requests that the Court reduce his sentence on the grounds that extraordinary and compelling circumstances warrant such relief. Specifically, Aranda requests relief due to his "medical conditions, family circumstances, and risk posed by COVID-19." (Motion, Doc. 33, 1) Based on the record and the applicable law, the Court concludes that Aranda has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

### I

In March 2018, the Court sentenced Aranda to 72 months in prison after he pleaded guilty to being unlawfully found in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1). (Judgment, Doc. 31, 1)

Aranda is currently serving his sentence at FCI Mendota in Mendota, California.[1] (Motion, Doc. 33, 6)

### II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative

---

[1] The Court takes judicial notice that the Bureau of Prisons currently reports 1 currently active case of COVID-19 among inmates and staff at FCI Mendota. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 7, 2022).

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Aranda has met the requirements of Section 3582(c)(1)(A). With his Motion, Aranda includes a letter from the Warden denying his motion for compassionate release on January 10, 2022. (Request to Staff Response, Doc. 33-1) Aranda includes no evidence that he appealed this denial through the Bureau of Prisons administrative process. However, as thirty days have lapsed since Aranda's request, Aranda has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statement exists, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Aranda argues that he is at greater risk of contracting COVID-19 because he suffers from asthma, high blood pressure, obesity, hypertension, vision problems, and a history of alcohol and substance abuse. (Motion, Doc. 33, 1, 3) In addition, he claims that he would like to provide "help and support" to his children, and that he has been sufficiently

rehabilitated because he has completed various skills and wellness classes while incarcerated. (*Id.* at 2)  Finally, Aranda states that he has "learned his lessons" that illegal reentry is a "serious offense" and is remorseful for breaking the law. (*Id.*)

The Court finds that Aranda has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence.  While Aranda suffers from health issues, he has not demonstrated that the measures taken by the BOP to contain the spread of COVID-19 are inadequate to protect him from contracting the illness, or that the Bureau of Prisons cannot provide him adequate medical care should he do so.  Furthermore, the Court took into consideration Aranda's history and characteristics during sentencing, including that he has children. (*See* PSR, Doc. 22, ¶¶ 53–54)  While his incarceration adversely impacts his family, that impact does not in itself demonstrate extraordinary and compelling reasons to reduce his sentence.  Finally, while the Court acknowledges that Aranda appears to have used his time in custody productively, taking advantage of programs that the BOP offers does not represent "extraordinary" conduct, but rather what the BOP expects of prisoners.

Based on the record, Aranda has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

As a result, it is:

**ORDERED** that Defendant Anastacio Aranda-Soto Motion for Compassionate Release or Sentence Reduction (Doc. 33) is **DENIED**.

Signed on March 7, 2022.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge